**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVY PHEAN**, | : | **CIVIL ACTION NO. 1:11-CV-0535** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ERIC HOLDER**, **ATTORNEY GENERAL**, et al., | : | |
| Respondents | : | |

## **MEMORANDUM**

Davy Phean ("Phean"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 22, 2011. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I. **Background**

Phean, a native and citizen of Cambodia, entered the United States on July 30, 1984 as a refugee. (Doc. 1, at 3, ¶ 12.) In 1999, he was arrested and charged with aggravated assault, attempted murder, recklessly endangering another person, terroristic threats, and possession of an instrument of crime. (Id. at ¶ 13) Although

no details are provided concerning the jurisdiction in which the charges were brought, or the offenses of which he was convicted, it is clear that he was sentenced to a term of imprisonment of five to ten years and was released in 2003. (Id.)

On June 17, 2003, he was taken into ICE custody. (Id. at ¶ 14.) A final order of removal from the United States was entered on October 30, 2003. (Id. ) Because ICE was unable to obtain travel documents, he was released on June 4, 2004, pursuant to an order of supervision. (Id.)

Thereafter, he was notified that his order of supervision was revoked pursuant to a "Notice of Revocation of Release" and he was taken into ICE custody on September 21, 2010. (Id.) The following day he was interviewed by the Cambodian Consulate for the purpose of obtaining travel documents. (Id. at ¶ 16.) He "signed and fingerprinted all necessary paperwork to obtain such travel documents." (Id.)

His custody status was first reviewed on December 5, 2010, and on January 3, 2011, he was served with a written decision ordering his continued detention. (Id. at ¶ 17.) On March 20, 2011, he was served with a notice transferring authority over his custody status to ICE Headquarters Post-Order Detention Unit ("HQPDU").

Phean filed the instant petition seeking relief from "unlawful detention." (Doc. 1, at 1.)

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."  Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a

custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on September 21, 2010, the date he was taken back into ICE custody. At the conclusion of the mandatory detention period, he was served with a written decision ordering his continued detention. The six month period has recently expired, and ICE has failed to remove Phean. All indications are that jurisdiction to make a determination concerning his custody would now lie with the HQPDU. It

does not appear that he filed a written request for release with the HQPDU. Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

An appropriate order accompanies this memorandum.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge


Dated:       March 30, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVY PHEAN,** | : | **CIVIL ACTION NO. 1:11-CV-0535** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **ERIC HOLDER, ATTORNEY GENERAL**, et al., | : | |
| | : | |
| **Respondents** | : | |

## ORDER

AND NOW, this 30th day of March, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide petitioner with a response to his request within thirty days.

3. The Clerk of Court is directed to CLOSE this case.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge